UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-4215 |
| | ) | |
| JAMES T. DIMAS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is has been civilly committed to the Rushville Treatment and Detention Center as a "sexually violent person":  a person "who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence."  725 ILCS 207/5(f).  He alleges that he is being denied meaningful treatment for his mental disorder, including the lack of professional qualifications of his treatment providers, the lack of an effective treatment approach, and the lack of adequate treatment resources and time.  For example, he alleges that he receives only 45 minutes of treatment per week in a program designed to take 3,000 hours to complete.

These allegations state a plausible Fourteenth Amendment claim for an alleged lack of meaningful treatment for Plaintiff's mental disorder by qualified professionals.  Meaningful treatment would be designed and implemented to progress Plaintiff toward the goal of his eventual release as expeditiously as reasonably possible. *See* Hughes v. Dimas, 837 F.3d 807 (7th Cir. 2016)("the Supreme Court understands the Fourteenth Amendment to require that civil detainees receive treatment for the disorders that led to their confinement and be released when they've improved enough no longer to be dangerous.")

However, Plaintiff's allegations do not state a supplemental state law claim for the intentional infliction of emotional distress. To state a claim for the intentional infliction of emotional distress, Plaintiff's alleged facts must allow a plausible inference that:  1) Defendants engaged in "truly extreme and outrageous conduct"; 2) Defendants intended to cause extreme emotional distress or knew extreme emotional distress was highly probable; and, 3) Plaintiff actually suffered severe emotional distress.  Feltmeier v. Feltmeier, 207 Ill.2d 263, 268-69 (2003).  Extreme and outrageous conduct is "'beyond all bounds of decency'" and "'intolerable in a civilized

community.'"  <u>Fox v. Hayes</u>, 600 F.3d 819, 842 (7th Cir.

2010)(quoted cite omitted).  The "'distress inflicted must be so

severe that no reasonable person could be expected to endure it.'"

<u>Bristow v. Drake Street Inc.</u>, 41 F.3d 345 (7th Cir. 1994)(quoted cite

omitted).  Defendants alleged failure to adequately treat Plaintiff's

mental disorder does not rise to that level of misconduct.

**IT IS ORDERED:**

1.    Plaintiff's petition to proceed in forma pauperis is granted

(3).  Pursuant to a review of the Complaint, the Court finds that

Plaintiff states a constitutional claim for an alleged lack of

meaningful treatment for Plaintiff's mental disorder by qualified

professionals.  This case proceeds solely on the claims identified in

this paragraph.   Any additional claims shall not be included in the

case, except at the Court's discretion on motion by a party for good

cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    Plaintiff's supplemental state law claim for the intentional

infliction of emotional distress is dismissed, without prejudice, for

failure to state a claim.

3.    This case is now in the process of service.  Plaintiff is

advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4.   The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.   Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.   Plaintiff's motion for appointed pro bono counsel is denied (3).  The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this.  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  In determining whether the Court should attempt to find an attorney to voluntarily take the case without pay, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).  On this record, Plaintiff appears competent to proceed pro se.  His pleadings are well written, demonstrating knowledge of the applicable law and procedure.  At this point his claim is relatively simple.  He has

personal knowledge of the treatment he has received, his treatment

plan, his progression in treatment, and his civil commitment

proceedings.  Plaintiff may renew his motion on a more developed

factual record, setting forth his educational level, any jobs he has

had inside or outside of prison or detention, any classes he has

taken in prison or detention, and his litigation experience in state

and federal court.

   12.  **The Clerk is directed to enter the standard qualified**

**protective order pursuant to the Health Insurance Portability**

**and Accountability Act.**

   13.  **The Clerk is directed to attempt service on Defendants**

**pursuant to the standard procedures.**

ENTERED:   2/14/2017

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
